**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |
|---|---|
| STEWARD CAPITAL HOLDINGS LP; and AVENAERO HOLDINGS, LLC,<br><br>                  Plaintiffs,<br><br>v.<br><br>GOLDEN GATE INVESTMENT COMPANY, LLC; and PARAMOUNT MANAGEMENT GROUP, LLC,<br><br>                  Defendants. | Civil Action No. 24-cv-6257 |

**COMPLAINT**

Plaintiffs, Steward Capital Holdings LP ("Steward") and Avenaero Holdings, LLC ("Avenaero") (collectively, "Plaintiffs"), by and through their attorneys, Archer & Greiner, P.C. as and for its Complaint against the above-captioned Defendants, respectfully alleges as follows:

**NATURE OF THE ACTION**

1. By this Complaint, Plaintiffs seeks to obtain a money judgment against Defendants related to two loans ($4,000,000 and $1,000,000) made by Plaintiffs to Defendants. Defendants defaulted on the loans in July 2024. Plaintiff also seeks to repossess the digital currency kiosk machines ("DCMs") that were pledged as collateral for the loans. Since Plaintiffs believe that the DCMs are located in multiple jurisdictions throughout the United States, Plaintiffs also seek the appointment of a receiver to assist in the repossession.

**PARTIES**

2. Steward is a limited partnership organized under the laws of the State of Delaware with its principal place of business located at 3900 S. Overland Avenue, Springfield, MO 65807.

3. Avenaero is a limited liability company organized under the laws of the State of Tennessee with its principal place of business located at 2126 N. Rocky Top Road, Battlefield MO 65619

4. Defendant, Golden Gate Investment Company, LLC ("Golden Gate"), is a limited liability company organized under the laws of the State of Pennsylvania with its principal place of business located at 101 N Queen Street, Suite 302, Lancaster, PA 17603.

5. Defendant, Paramount Management Group, LLC ("Paramount"), is a limited liability company organized under the laws of the State of Pennsylvania with its principal place of business located at 415 North Prince Street, Suite 202, Lancaster, PA 17603.

## JURISDICTION AND VENUE

6. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

7. Venue is deemed proper in this judicial district pursuant to 28 U.S.C. §1391, because Defendants both reside in this judicial district.

## COUNT I
### (Breach of Contract – Steward Loan)

8. Plaintiffs repeat and incorporate herein the allegations contained in the foregoing paragraphs, as if the same were set forth and repeated at length herein.

9. On February 13, 2024, Defendants, being indebted to Steward in the principal amount of $4,000,000 (the "Steward Loan") executed and delivered to Steward a Promissory Note and Security Agreement (the "Steward Note").  A true and correct copy of the Steward Note is annexed as Exhibit "A" and incorporated herein by reference

10. Under the terms of the Steward Note, Defendants agreed to pay interest-only payments on the Steward Loan at eighteen (18%) percent per annum, beginning April 1, 2024, and continuing thereafter on the 1st day of each month thereafter until the Steward Loan was paid in full. Barring an Event of Default under the Steward Note, the Steward Loan was to be paid in full either upon sixty (60) calendar days written demand by Steward or, if no demand was made, by February 13, 2026. *See*, ¶1 of the Steward Note.

11. The Steward Note provides that Defendants failure to make the interest-only payments or any other payment required thereunder shall be deemed an "Event of Default" if such payment is not cured within 15 days of receiving written notice from Steward. *See*, ¶6(b)(i) of the Steward Note.

12. In the Event of Default, the Steward Note provides that the outstanding principal balance of the Steward Loan, and all accrued and unpaid interest thereon shall be accelerated and become immediately due and payable, and the Steward Loan will bear interest at the default rate of interest of twenty (20%) percent per annum. *See*, ¶6(c) of the Steward Note.

13. Defendants failed to make the required interest-only payment on the Steward Loan on July 1, 2024.

14. As a result of this default, on July 11, 2024, Steward issued a written Notice of Default to Defendants, demanding that Defendants cure the default within 15. A true and correct copy of the Notice of Default is annexed as Exhibit "B" and incorporated herein by reference.

15. Defendants failed to cure the aforementioned default within 15 days.

16. On August 6, 2024, Steward, through its counsel, issued a written Notice of Acceleration, Demand for Payment, and Demand for Turnover and Reservation of Rights to Defendants demanding payment in full. A true and correct copy of the Notice of Acceleration,

3

Demand for Payment, and Demand for Turnover and Reservation of Rights is annexed as Exhibit "C" and incorporated herein by reference.

17. Defendants failed to pay the Steward Loan in full as demanded.

18. As of November 19, 2024, the following sums are due and owing on the Steward Loan:

| | |
|---|---:|
| Principal | $4,000,000.00 |
| Accrued Unpaid Interest | $211,848.06 |
| Exit Fee (5%) per ¶3 of the Steward Note | $20,000.00 |
| TOTAL | $4,231,848.06 |

WHEREFORE, Plaintiff, Steward Capital Holdings, LP demands judgment against Defendants, Golden Gate Investment Company, LLC, and Paramount Management Group, LLC, as follows:

(a) For judgment in the amount of the indebtedness due and owing on the Steward Note;

(b) For pre-judgment interest at the default rate set forth in the Steward Note;

(c) For late fees, penalties, exit fees, charges and other sums permitted under the Steward Note;

(d) For attorneys' fees and costs of suit;

(e) For post-judgment interest; and

(f) For such other relief as the Court deems equitable and just and equitable.

**COUNT II**
**(Breach of Contract – Avenaero Loan)**

19. Plaintiffs repeat and incorporate herein the allegations contained in the foregoing paragraphs, as if the same were set forth and repeated at length herein.

20. On February 13, 2024, Defendants, being indebted to Avenaero in the principal amount of $1,000,000 (the "Avenaero Loan") executed and delivered to Avenaero a Promissory

4

Note and Security Agreement (the "Steward Note").  A true and correct copy of the Avenaero Note is annexed as Exhibit "D" and incorporated herein by reference.

21. Under the terms of the Avenaero Note, Defendants agreed to pay interest-only payments on the Avenaero Loan at eighteen (18%) percent per annum, beginning April 1, 2024, and continuing thereafter on the 1st day of each month thereafter until the Avenaero Loan was paid in full.  Barring an Event of Default under the Avenaero Note, the Avenaero Loan was to be paid in full either upon sixty (60) calendar days written demand by Avenaero or, if no demand was made, by February 13, 2026.  *See*, ¶1 of the Steward Note.

22. The Avenaero Note provides that Defendants failure to make the interest-only payments or any other payment required thereunder shall be deemed an "Event of Default" if such payment is not cured within 15 days of receiving written notice from Avenaero.  *See*, ¶6(b)(i) of the Avenaero Note.

23. In the Event of Default, the Avenaero Note provides that the outstanding principal balance of the Avenaero Loan, and all accrued and unpaid interest thereon shall be accelerated and become immediately due and payable, and the Avenaero Loan will bear interest at the default rate of interest of twenty (20%) percent per annum. *See*, ¶6(c) of the Avenaero Note.

24. Defendants failed to make the required interest-only payment on the Avenaero Loan on July 1, 2024.

25. As a result of this default, on July 11, 2024, Avenaero issued a written Notice of Default to Defendants, demanding that Defendants cure the default within 15.  A true and correct copy of the Notice of Default is annexed as Exhibit "E" and incorporated herein by reference.

26. Defendants failed to cure the aforementioned default within 15 days.

27. On August 6, 2024, Avenaero, through its counsel, issued a written Notice of Acceleration, Demand for Payment, and Demand for Turnover and Reservation of Rights to Defendants demanding payment in full. A true and correct copy of the Notice of Acceleration, Demand for Payment, and Demand for Turnover and Reservation of Rights is annexed as Exhibit "F" and incorporated herein by reference.

28. Defendants failed to pay the Avenaero Loan in full as demanded.

29. As of November 19, 2024, the following sums are due and owing on the Avenaero Loan:

| | |
|---|---|
| Principal | $1,000,000.00 |
| Accrued Unpaid Interest | $121,384.00 |
| Exit Fee (5%) per ¶3 of the Avenaero Note | $5,000.00 |
| TOTAL | $1,126,384.00 |

WHEREFORE, Plaintiff, Avenaero Holdings, LLC demands judgment against Defendants, Golden Gate Investment Company, LLC, and Paramount Management Group, LLC, as follows:

(a) For judgment in the amount of the indebtedness due and owing on the Avenaero Note;

(b) For pre-judgment interest at the default rate set forth in the Avenaero Note;

(c) For late fees, penalties, exit fees, charges and other sums permitted under the Avenaero Note;

(d) For attorneys' fees and costs of suit;

(e) For post-judgment interest; and

(f) For such other relief as the Court deems equitable and just and equitable

## COUNT III
**(Enforcement of Security Interest)**

30. Plaintiffs repeat and incorporate herein the allegations contained in the foregoing paragraphs, as if the same were set forth and repeated at length herein.

31.     As security for the indebtedness due under the Steward Note and the Avenaero Note, Golden Gate granted to Plaintiffs a security interest in approximately 584 digital currency kiosk machines ("DCMs"), as well as the cash in each DCM, as more fully identified in the Steward Note and the Avenaero Note. *See*, ¶3 and Exhibit A of both the Steward Note and the Avenaero Note.

32.     Steward's security interest in the DCMs was properly perfected by the filing if a UCC-1 Financing Statement with the Commonwealth of Pennsylvania, Department of State, Bureau of Corporations and Charitable Organizations on March 6, 2024, as File No. 20240306045680. A true and correct copy of the filed UCC-1 Financing Statement is attached hereto as Exhibit "G" and incorporated herein by reference.

33.     Avenaero's security interest in the DCMs was properly perfected by the filing if a UCC-1 Financing Statement with the Commonwealth of Pennsylvania, Department of State, Bureau of Corporations and Charitable Organizations on March 6, 2024, as File No. 20240306045671. A true and correct copy of the filed UCC-1 Financing Statement is attached hereto as Exhibit "H" and incorporated herein by reference

34.     The terms and provisions of both the Steward Note and the Avenaero Note provide that Plaintiffs shall have all of the rights and remedies of a secured party under Pennsylvania's Uniform Commercial Code ("UCC"). *See*, ¶3 of both the Steward Note and the Avenaero Note

35.     Pennsylvania's UCC provides that after default, a secured party may take possession of its collateral, and dispose of same to satisfy its debt. *See,* 13 Pa. Stat. and Cons. Stat. Ann. § 9609(a)(1) and 13 Pa. Stat. and Cons. Stat. Ann. § 9610.

36. Pennsylvania's UCC also provides that in taking possession of collateral, a secured party may proceed without judicial process if it proceeds without breach of peace, or pursuant to judicial process. *See,* 13 Pa. Stat. and Cons. Stat. Ann. § 9609(b)(1).

37. A secured party may also require a debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. *See,* 13 Pa. Stat. and Cons. Stat. Ann. § 9609(c).

38. In the Notice of Acceleration, Demand for Payment, and Demand for Turnover and Reservation of Rights dated August 6, 2024 (attached as Exhibits "C" and "F" hereto) both Steward and Avenaero demanded that Golden Gate arrange for turnover of the DCMs.

39. Golden Gate has filed to comply with Plaintiffs' demand for turnover of the DCMs.

40. Pursuant to Pennsylvania's UCC, Plaintiffs are entitled to possession of the DCMs, as well as the cash in each DCM, and to dispose of the DCMs to satisfy the indebtedness due to Plaintiffs.

WHEREFORE, Plaintiffs demands judgment against Defendant, Golden Gate Investment Company, LLC, as follows:

    (a) for an Order determining that Plaintiff is entitled to immediate possession of the DCMs, as well as the cash in each DCM;

    (b) for an Order enjoining Golden Gate Investment Company, LLC and anyone acting through it, from moving, using and dissipating the DCMs, as well as the cash in each DCM;

    (c) for an Order directing Golden Gate Investment Company, LLC to identify the location of each of the DCMs;

    (d) for an Order directing Golden Gate Investment Company, LLC to immediately deliver possession of the DCMs, as well as the cash in each DCM, to Plaintiffs or Plaintiffs' agent;

    (e) for damages for any impairment to the collateral;

  (f)  for attorneys' fees, costs and such other relief as the Court deems appropriate and just;

  (g)  For such other relief as the Court deems equitable and just and equitable.

## COUNT IV
### (Appointment of Receiver)

41. Plaintiffs repeat and incorporate herein the allegations contained in the foregoing paragraphs, as if the same were set forth and repeated at length herein.

42. Plaintiffs, by their security interest in the DCMs, as well as the cash in each DCM, have a legally recognized right in that property.

43. As a result of the aforementioned defaults under the Steward Note and Avenaero Note, both Steward and Avenaero are entitled to possession of the DCMs, as well as the cash in each DCM.  *See,* 13 Pa. Stat. and Cons. Stat. Ann. § 9609(a)(1) (West).

44. Despite demand, Golden Gate failed and refused to turnover possession of the DCMs, as well as the cash in each DCM, to Plaintiffs.

45. The appointment of a receiver is necessary to protect and preserve the value of Plaintiffs' collateral.

46. Upon information and belief, the DCMs are located in multiple jurisdictions throughout the United States, making repossession by Plaintiffs difficult.

47. Accordingly, Plaintiffs seek the appointment of a receiver of Golden Gate to repossess and dispose of the DCMs, and to turnover to Plaintiffs the cash within each DCM.

WHEREFORE, Plaintiffs demands judgment against Defendant, Golden Gate Investment Company, LLC, as follows:

  (a)  appointing a receiver of Golden Gate Investment Company, LLC with the power to take possession of and dispose of the DCMs, and to turnover to Plaintiffs the cash within each DCM; and

    (b)    enjoining and restraining Golden Gate Investment Company, LLC from interfering in any way with the receiver in discharging its duties, or with the DCMs and cash within each DCM; and

    (c)    for attorneys' fees, costs and such other relief as the Court deems appropriate and just;

    (d)    For such other relief as the Court deems equitable and just and equitable

Respectfully submitted,

ARCHER & GREINER, P.C.

Dated: November 22, 2024

/s/ Jerrold S. Kulback
Jerrold S. Kulback, Esq. (PA ID 84563)
1025 Laurel Oak Road
Voorhees, NJ 08043
Tel: 856-673-3936
Fax: 856-795-0574
Email: jkulback@archerlaw.com

*Attorneys for Plaintiffs*

229687206 v1